UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**JUANITA SMILEY KEYS**, as Personal
Representative of the **ESTATE OF
VERMON TERRELL DONALD,** on
behalf of the Estate and the Survivors,
Kyso Donald, Vermon Donald II, and
Vermonica Donald,,

Case Number: 4:12-cv-623/RH-CAS

Plaintiff

v.

**FLORIDA DEPARTMENT OF
CORRECTIONS,** and **SAMUEL
CULPEPPER, RICHARD COMERFORD,
OLUBENGA OGUNSANWO, FRANK
JOHANSON, GEORGE McLAFFERTY,
DAVID RUMMEL, PAGE SMITH,**
and **C.E. RICHARDSON**, in their
individual capacities,,

Defendants.

### REPORT OF THE PARTIES' PLANNING MEETING

1. The following persons participated in a Rule 26(f) conference on January 11, 2013 by electronic means:

    James V. Cook, Esq., representing the Plaintiff; and

    W. Bennett Carter, Jr., Esq., representing the Defendants.

2. Initial Disclosures. The parties will complete the initial disclosures required by Rule 26(a)(1) by **February 9, 2013.**

3. Discovery Plan. The parties propose this discovery plan:

    (a) Discovery will be needed on these subjects: All matters discussed in section 5 below.

(b)   All discovery shall be commenced in time to be completed by **July 1, 2013.** This amended discovery period is necessary because this matter is based on facts which will necessitate the depositions of numerous witnesses, including correctional and medical officers, some of whom have either resigned or been transferred. Additionally, both parties will likely engage expert witnesses and perhaps rebuttal expert witnesses.

(c)   Interrogatories, and responses thereto, are to be governed by the applicable Federal Rules of Civil Procedure and Local Rules of this Court.

(d)   Requests for admissions, and responses thereto, are to be governed by the applicable Federal Rules of Civil Procedure and Local Rules of this Court.

(e)   The number and length of depositions taken in this case shall be governed by the applicable Federal Rules of Civil Procedure and Local Rules of this Court.

(f)   Plaintiff will disclose pursuant to Rule 26(a)(2) the identity of any witness it may use at trial to present expert testimony no later than **April 22, 2013.** Defendant will disclose the identity fo any witness it may use at trial to present expert testimony no later than **May 22, 2013.** Rebuttal expert-testimony witnesses described in Rule 26(a)(C)(ii) shall be disclosed within 30 days after opposing party's disclosure.

(g)   Supplementation required by Rule 26(e) shall be made in accordance with that Rule.

4.   Other Items:

    (a)   The parties do not request a Rule 16(b) scheduling conference with the Court before a final scheduling order is issued.

    (b)   Dates for the pretrial conference shall by the Order that will be entered by this Court after the completion of discovery.

    (©)   Any motion to join new parties or amend a pleading must be served no later that February 15, 2013.

    (e)   All dispositive motions shall be filed by **July 22, 2013.**

    (f)   Settlement is not likely at this time. Settlement may be enhanced by the use of the following alternative dispute resolution procedures: Mediation may be attempted by the parties after the substantial completion of discovery.

    (g)   Final list of witnesses and exhibits under Rule 26(a)(3) shall be due in accordance with the Order that will be entered by this Court after the completion of discovery.

    (I)   The parties propose that this case should be ready for trial by **October 14, 2013.** As previously mentioned, it is anticipated that the discovery in this case will require numerous depositions of medical officers, correctional officers and expert witnesses. Due to the requested enlargement of the discovery period, the proposed trial date has also be revised accordingly. At this time, the parties expect the trial to take approximately five days, exclusive of jury selection.

(j) The parties conferred with respect to consenting to the Magistrate Judge.

(k) The parties anticipate some discovery production will come from electronic or computer based media:

(1) Disclosure and production will be limited to data reasonably available to the parties in the ordinary course of business, absent a showing of good cause.

(2) If data beyond what is reasonably available to the parties in the ordinary course of business is to be sought, the party seeking it will bear the cost.

(3) The parties agree that data produced from electronic or computer based media will be in (1) American Standard Code for Information Interchange ("ASCII"), (2) files formatted in one of the Microsoft Office Suite, Adobe Suite, Corel Suite, Open Office Suite, or IBM's Lotus Suite applications (.doc, .xls, .ppt, .mdb, .wpd, .pdf, .jpg, .bmp, etc.), (3) a text file (.txt), or (4) hypertext markup language (.html) or similar web page language.

(4) The parties have taken reasonable measures to preserve potentially discoverable data from alteration or destruction.

(5) Should either party inadvertently produce privileged information, that information, if possible to separate it from the otherwise non-privileged electronic data, shall be immediately be returned to the producing party. If

        the privileged information cannot be separated from the non-privileged data, the receiving party shall return all of the electronic data containing the confidential information once the producing party produces the electronic data without the confidential information.

    (l)    This case should not be subject to the Manual for Complex Litigation.

5.    Nature and Basis of Claims and Defenses:

    (a)    Plaintiff: Plaintiff claims that the Defendants acted intentionally or with deliberate indifference to the risk of serious harm to Plaintiff's decedent in failing to abate risks of harm as a result of circumstances incident to his incarceration causing great suffering or death. Alternatively, Defendants negligently caused the suffering of Plaintiff's decedent or alternatively, his death. Defendants abused, neglected, or abandoned Plaintiff's decedent and further failed to accommodate the special needs of Plaintiff's decedent such that he could participate in the programs and benefits offered by the Department of Corrections. Plaintiff's decedent was a vulnerable and disabled adult and as a result of Defendants' wrongful acts suffered great physical suffering, great emotional distress, humiliation, fear, anxiety, and death or, alternatively, suffered the foregoing although his death was not caused by Defendants' wrongs. Plaintiff claims that the Estate and Survivors of Plaintiff's decedent have been greatly injured by the Defendants' wrongdoing, now and in the future, and are entitled to compensatory damages, punitive damages as permitted by law, and the fees and costs of this

litigation.

(b) Defendants: The Defendants deny that they violated Donald's rights under the ADA or Rehabilitation act, or discriminated against him because of a disability in violation of the ADA. In general, the Defendants contend that Johnson was not denied any service, benefit, protection or accommodation because of his disability.

The Defendants further contend that the did not refuse or fail to provide medical treatment to Donald. Donald received medical treatment as needed, and the treatment he received from medical personnel of correctional officers does not support a claim for section 1983 violations. Further, evidence will show that Donald regularly refused treatment and /or medication and therefore his death, in whole or in part, is due to his own conduct. Ultimately, the conduct of the Defendants did not rise to the level of deliberate indifference.

Regarding Plaintiff's negligence and wrongful death causes of action, Defendants maintain that these are actually actions sounding in medical negligence. Defendants assert that Plaintiff's failure to comply with the requisite medical malpractice presuit statutes bars these claims from proceeding as they should be dismissed with prejudice. Even if not dismissed, Defendants deny that they breached any duty owed to Donald, or that any acts or omissions by the Defendants resulted in the injury or death of Plaintiff.

Date:  January 25, 2013						**LAW OFFICE OF JAMES COOK**

<u>*James V. Cook*</u>
James V. Cook (FBN: 0966843)
<u>cookjv@nettally.com</u>
314 West Jefferson Street
Tallahassee, FL 32301
(850) 222-8080
(850) 561-0836

Attorney for Plaintiff


Date: January 25, 2013						**DENNIS, JACKSON, MARTIN & FONTELA, P.A.**

<u>*W. Bennett Carter, Jr.*</u>
W. Bennett Carter, Jr. (FBN: 90952)
Ben@djmf-law.com
William P. Martin (FBN: 0843024)
Peter@djmf-law.com
1591 Summit Lake Loop, Suite 200
Tallahassee, Florida 32317
(850) 422-3345
(850) 422-1325 (fax)

Attorneys for Defendants