UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**JUANITA SMILEY KEYS**, as Personal
Representative of the **ESTATE OF
VERMON TERRELL DONALD**, on
behalf of the Estate and the Survivors,
Kyso Donald, Vermon Donald II, and
Vermonica Donald,

    Plaintiff,

v.                                                              Case Number: 4:12-cv-623/RH-CAS

**FLORIDA DEPARTMENT OF
CORRECTIONS**, and **SAMUEL
CULPEPPER, RICHARD COMERFORD,
OLUBENGA OGUNSANWO, FRANK
JOHANSON, GEORGE McLAFFERTY,
DAVID RUMMEL, PAGE SMITH,**
and **C.E. RICHARDSON**, in their
individual capacities,

    Defendants.
_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants Department of Corrections ("Department"), Samuel Culpepper ("Culpepper"), Olubenga Ogunsanwo ("Ogunsanwo"), Frank Johanson ("Johanson"), George McLafferty ("McLafferty"), David Rummel ("Rummel"), Page Smith ("Smith") and C.E. Richardson ("Richardson") (cumulatively "Defendants")[1] through counsel answers Plaintiff's first amended complaint, and asserts those defenses known to it at this time.

---

[1] At the time of this filing, Defendant Richard Comerford has not been served. To the best of undersigned counsel's knowledge, Plaintiff has yet to issue a subpoena for said service.

## ANSWER

**Preliminary Statement**

All allegations contained within the unnumbered paragraph titled "Preliminary Statement" are denied.

**Jurisdiction and Venue**

1. a-c.  Admit for jurisdictional purposes only.

2. Admit for jurisdictional purposes only.

3. Admit for jurisdictional purposes only.

4. Admit for jurisdictional purposes only.

5. Admit for jurisdictional purposes only.

6. Admit for jurisdictional purposes only.

7. Deny.

**Parties**

8. Without knowledge, therefore deny.

9. Admit.

10. Admit that Defendant Department is an entity that is subject to suit both under section 768.28, Florida Statutes and Title II of the Americans with Disabilities Act.  Deny to the extent that this paragraph is presented to establish that the Department is liable under either cause of action.

11. Admit.

12. Admit.[2]

---

[2] *See supra* note 1.

13. Admit.

14. Admit.

15. Admit.

16. Admit.

17. Admit.

18. Admit.

**Common Allegations of Fact**

19. Admit.

20. Admit.

21. Admit that Plaintiff suffered from HIV/AIDS, hepatitis and a severe skin decease at the time of his death, otherwise deny.

22. Admit that Ogunsanwo was Deputy Secretary of Health Services, deny all other allegations contained within paragraph 22.

23. Deny.

24. Deny.

25. Deny.

26. Admit that McLafferty was a Health Administrative Director, deny all other allegations contained within paragraph 26.

27. Admit that Johanson was a Clinical Director, deny all other allegations contained within paragraph 27.

28. Admit that Rummel was Regional Medical Director, deny all other allegations contained within paragraph 28.

29. Admit that Richardson was the Chief Health Officer at Washington Correctional Institution, deny all other allegations contained within paragraph 29.

30. Admit that Smith was a physician at Washington Correctional Institution, deny all other allegations contained within paragraph 30.

31. Deny.

32. Deny.

33. Deny.

34. Deny.

35. Admit that, at times, Plaintiff worked in the food service department while incarcerated, deny all other allegations contained within paragraph 35.

36. Admit that, at times, Plaintiff worked on the inside grounds as a "gardener", deny any insinuation that such assignment resulted in any injury to Plaintiff or should serve as a basis from any cause of action alleged in Plaintiff's amended complaint.

37. Admitted that Culpepper was a Warden at Washington Correctional Institution, deny all other allegations contained within paragraph 37.

38. Admit that Comerford was an Assistant Warden, deny all other allegations contained within paragraph 38.[3]

39. Admit that Donald presented to the institution with a HIV/AIDS diagnosis, denied that Culpepper had personal knowledge that Donald was a prison with a "special health status."[4]

---

[3] *See supra* note 1.

[4] *See supra* note 1.

40. Admitted that Richardson was Chief Health Officer at Washington Correctional Institution, deny all other allegations contained within paragraph 40.

41. Admit that Smith, at one point, treated Plaintiff, deny all other allegations contained within paragraph 41.

42. Deny that Plaintiff was refused medication. To the extent the remainder of the factual assertions in this paragraph are supported by the medical records and subsequent discovery, they are admitted. Otherwise, they are denied. To the extent any of these assertions are intended to imply that any named Defendant acted improperly, they are also denied.

43. Deny.

44. To the extent the factual assertions in this paragraph are supported by the medical records and subsequent discovery, they are admitted. Otherwise, they are denied. To the extent any of these assertions are intended to imply that any named Defendant acted improperly, they are denied.

45. Deny that Defendant medical providers "allowed" Mr. Donald to develop abscesses and cellulitis. To the extent that the remaining factual assertions in this paragraph are supported by the medical records and subsequent discovery, they are admitted. Otherwise, they are denied. To the extent any of these assertions are intended to imply that any named Defendant acted improperly, they are denied.

46. To the extent the factual assertions in this paragraph are supported by the medical records and subsequent discovery, they are admitted. Otherwise, they are denied. To the extent any of these assertions are intended to imply that any named Defendant acted improperly, they are denied.

5

47. Deny that Mr. Donald "received very little attention" regarding any complaint of severe pain, nausea and vomiting. To the extent that the remaining factual assertions in this paragraph are supported by the medical records and subsequent discovery, they are admitted. Otherwise, they are denied. To the extent any of these assertions are intended to imply that any named Defendant acted improperly, they are denied.

48. To the extent the factual assertions in this paragraph are supported by the medical records and subsequent discovery, they are admitted. Otherwise, they are denied. To the extent any of these assertions are intended to imply that any named Defendant acted improperly, they are denied.

49. Deny.

50. To the extent the factual assertions in this paragraph are supported by the medical records and subsequent discovery, they are admitted. Otherwise, they are denied. To the extent any of these assertions are intended to imply that any named Defendant acted improperly, they are denied.

51. Admit that, at times, Plaintiff worked in the food service department and/or gardening the inside grounds while incarcerated, deny any insinuation that such assignment resulted in any injury to Plaintiff or should serve as a basis from any cause of action alleged in Plaintiff's second amended complaint.

52. Deny.

53. To the extent the factual assertions in this paragraph are supported by the medical records and subsequent discovery, they are admitted. Otherwise, they are denied. To the extent any of these assertions are intended to imply that any named Defendant acted improperly, they

are denied.

54. Deny.

55. Deny.

56. Deny.

57. Deny.

## Causes of Action

**I.** **Section 1983: Failure to Treat against Individual Defendants**[5]

58. Defendants reassert their answers to paragraphs 1-57 above.

59. Deny.

60. Deny.

61. Deny.

62. Deny.

63. a.-b. Deny.

**II.** **Violation of the ADA and Rehabilitation Acts against the Department**

64. Defendants reassert their answers to paragraphs 1-57 above.

65. Admit that language contained within paragraph 65 is derived from the Americans with Disabilities Act. Deny to the extent that this paragraph is presented to establish that the Department violated said Act.

66. Admit that language contained within paragraph 66 is derived from the Americans with Disabilities Act ("ADA"). Deny to the extent that this paragraph is presented to establish that the Department violated said Act.

---

[5] *See supra* note 1.

67. Deny.

68. Deny.

69. Admit.

70. Admit.

71. Admit that the Department authorizes its agents and employees to act in a manner consistent with the duties of their respective positions. Deny that the Department and/or their agents or employees acted in a manner which would constitute a violation of the ADA.

72. Deny.

73. Deny.

74. Deny.

    a. Deny.

    b. Deny.

    c. Deny.

    d. Deny.

    e. Deny.

    f. Deny.

    g. Deny.

    h. Deny.

75. Deny.

76. a.-b. Deny.

### III.   Wrongful Death under State Law claim against the Department

77. Defendants reassert their answers to paragraphs 1-57 above.

78. Deny.

79. Admit that the Department had a legal duty to provide adequate care to inmates in their custody. Deny that the Department and/or their agents or employees acted in a manner inconsistent with this duty.

80. Deny.

81. Deny.

82. Admit that, for the purposes of select causes of action, the Department may be liable for the actions or omissions of its agents and employees. Deny to the extent that the allegations contained within paragraph 82 intend to show that the Department and/or their agents or employees acted in a manner which would give rise to the cause of action alleged in Count III.

83. Deny.

84. Without knowledge to admit or deny.

85. Deny.

86. a.-b.  Deny.

**IV.  Direct Negligence under State Law against the Department**

87. Defendants reassert their answers to paragraphs 1-57 above.

88. Admit that §46.021, Florida Statutes, allows Plaintiff to seek relief for the alleged cause of action detailed in Count IV. Deny to the extent that the allegations contained within paragraph 88 intend to show that the Department and/or their agents or employees acted in a manner which would give rise to the cause of action alleged in Count IV.

89. Admit that the Department had a duty to provide Plaintiff's decedent with appropriate medical care and that the Department and/or its agents or employees had certain

custodial duties which apply to the circumstances constituting Plaintiff's decedents incarceration. Deny to the extent that the allegations contained within paragraph 89 intend to show that the Department and/or their agents or employees acted in a manner which would give rise to the cause of action alleged in Count IV.

90. Deny.

91. Deny.

92. a.-b.  Deny.

**Prayer for Relief**

All WHEREFORE clauses are denied, including subparts A.-F. Defendants request a trial by jury.

## AFFIRMATIVE DEFENSES

1. Donald's death was caused, in whole or in part, by his own conduct including but not limited to his refusal to comply with medical direction or accept prescribed medications.

2. The damages to which the Estate of Vermon Terrell Donald and named survivors are or may be entitled are limited to those allowed by section 768.21, Florida Statutes.

3. The allegations asserted in Plaintiff's complaint fail to demonstrate conduct on the part of the Defendants which rises to the level of deliberate indifference.

4. All named Defendants sued in their individual capacity are entitled to qualified immunity.

5. Plaintiff has willfully and knowingly failed to comply with the required medical malpractice presuit procedures detailed in section 766, Florida Statues.

6.   The classification and placement of inmates constitutes a discretionary planning level function of the Department for which sovereign immunity applies pursuant to section 768.28, Florida Statutes.

7.   The damages to which the Estate of Vermon Terrell Donald and Juanita Smiley Keys, Kyso Donald, Vermon Donald II and Vermonica Donald, as survivors, may be entitled to against the Department, a state agency, are limited to those allowed by sections 768.21 and 768.28, Florida Statutes.

8.   To the extent Plaintiff's complaint is construed to allege and claim "intentional" conduct on the part of the Department, by and through its employees, such claims are barred on the grounds that the Department, as an agency of the State of Florida, has not waived sovereign immunity for intentional acts of its employees and agents.

9.   Plaintiff's complaint asserts claims for both negligent and intentional conduct on the part of the Department and the individually named Defendants arising out of the same actions, incidents, and events, and while Plaintiff may proceed on these alternate theories during this litigation, she may not simultaneously obtain relief under both theories of negligence and intentional conduct (i.e. "deliberate indifference") for the same alleged actions.

10.   Donald was not denied participation in, or access to, any services, benefits, programs due to any disability, including his HIV/AIDS, while incarcerated as an inmate with the Department, and therefore, he is not entitled to relief under the ADA or Rehabilitation Act.

DENNIS, JACKSON, MARTIN & FONTELA, P.A.

By: *W. Bennett Carter, Jr.*
W. Bennett Carter, Jr. (FBN: 90952)
Ben@djmf-law.com
William P. Martin (FBN: 0843024)
Peter@djmf-law.com
1591 Summit Lake Loop, Suite 200
Tallahassee, Florida 32317
(850) 422-3345
(850) 422-1325 (fax)

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been furnished by the court's electronic filing system (CM/ECF) to James V. Cook, Esq., 314 West Jefferson Street, Tallahassee, Florida 32301, on this 22th day of February, 2013.

By: *W. Bennett Carter, Jr.*
W. Bennett Carter, Jr. (FBN: 90952)
Ben@djmf-law.com
William P. Martin (FBN: 0843024)
Peter@djmf-law.com
1591 Summit Lake Loop, Suite 200
Tallahassee, Florida 32317
(850) 422-3345
(850) 422-1325 (fax)

Attorneys for Defendants